**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMEN HAKOBYAN, | No. 08-70885 |
| Petitioner, | Agency No. A099-442-046 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ARMEN HAKOBYAN, | No. 08-73010 |
| Petitioner, | Agency No. A099-442-046 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

| | |
|---|---|
| ARMEN HAKOBYAN, | No. 09-71268 |
| Petitioner, | Agency No. A099-442-046 |
| v. | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2013
San Francisco, California

Before: FARRIS and N.R. SMITH, Circuit Judges, and BURGESS, District Judge.[**]

Armen Hakobyan, a native and citizen of Armenia, petitions for review of three decisions of the Board of Immigration Appeals (BIA). In the proceedings underlying Ninth Circuit Appeal case no. 08-70885, the BIA affirmed the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] The IJ rejected Hakobyan's claim of past persecution, concluding that he was not credible. In the proceedings underlying Ninth Circuit Appeal case no. 08-73010, the BIA denied Hakobyan's motion to reopen based upon an ineffective assistance

---

[**] The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

[1] Because Hakobyan filed his application for asylum after May 2005, the REAL ID Act applies. *See* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

of counsel claim.  Finally, in the proceedings underlying Ninth Circuit Appeal case no. 08-71268, the BIA denied Hakobyan's motion to reconsider the BIA's denial of his motion to reopen.  We dismiss the petition for review in case no. 08-70885 as to the asylum claim, but grant the petition for review as to the withholding of removal and CAT claims.  We grant the petitions for review in case nos. 08-73010 and 09-71268.  We remand the three cases to the BIA.

1.     Hakobyan's counsel, Margarita Mkrtchyan, filed a motion to continue the February 15, 2013 oral argument on February 14, 2013.  The panel denied the motion, because neither the motion nor declaration demonstrated exceptional circumstances.  *See* General Order 3.5.  Despite the motion being denied, Mkrtchyan nevertheless failed to attend the hearing.  Rather than punish Hakobyan for his counsel's failure to appear for oral argument, we review the case on the merits.

2.     In July 2008, this court issued its decision dismissing Hakobyan's asylum application due to lack of jurisdiction.  Hakobyan did not move for reconsideration of that decision under Circuit Rule 27-10.  Now, Hakobyan suggests this court revisit the decision based upon case law decided subsequent to our July 2008 decision.  We find no basis to reconsider this court's previous dismissal order.

3.      The BIA denied Hakobyan's withholding of removal and CAT claims based on an adverse credibility determination. It listed four bases for its determination: (1) Hakobyan witnessed Grigorian beating up a pregnant woman and shoving her into the trunk of a car but did not mention the incident in his asylum application or in his direct testimony; (2) the current mayor of the city of Echmiadzin is Garik Avagyan, which conflicts with his asylum application which states that Avagyan was a candidate for mayor in 2005; (3) he obtained a passport in Russia but his application stated that, with the help of friends, he obtained a Russian passport in Armenia; and (4) he stopped working in his family's factory in 2004, but the asylum application states that he stopped working in 2002. The government concedes that the first two bases were not supported by substantial evidence.

Substantial evidence does not support the remaining two findings. First, whether Hakobyan obtained a passport in Russia or Armenia has, under the totality of the circumstances, no bearing on his veracity. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("[T]rivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination."). The testimony "says nothing about [Hakobyan's] truthfulness or the overall reliability of his account, nor was it an attempt to enhance his claims." *Ren v. Holder*, 648 F.3d 1079, 1085-86 (9th Cir.

4

2011). Further, neither the BIA nor the IJ explained why Hakobyan's assertion that the translated version of his declaration was incorrect supported an adverse credibility finding. *See Shrestha*, 590 F.3d at 1042. Second, with regard to Hakobyan's employment, the record does not reflect that the agency confronted Hakobyan with the inconsistencies, and therefore failed to explain why Hakobyan's explanations for the inconsistencies were rejected. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (citing *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)).

The BIA also denied Hakobyan's withholding of removal and CAT claims, because he failed to corroborate his claims at the hearing. Because the BIA's conclusion that Hakobyan lacked credibility is not supported by substantial evidence, we also remand the lack of corroboration issue for the BIA to reconsider. As to corroboration, the BIA should consider recent (and pending) Ninth Circuit case law, *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), and *Oshodi v. Holder*, 671 F.3d 1002 (9th Cir. 2012) *rehearing en banc ordered by* 678 F.3d 776 (9th Cir. 2012), of which the BIA did not have the benefit in the prior hearing.

4.      The BIA denied Hakobyan's motion to reopen and motion to reconsider, concluding that Hakobyan was put on notice that corroboration was required and that the documents submitted did not establish when he entered the United States.

5

The BIA abused its discretion in denying the motion to reopen and motion for reconsideration. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005) (reviewing denial of motion to reopen and motion to reconsider for abuse of discretion). If, as Hakobyan asserts, his former counsel advised him not to provide corroborating evidence (which was available), we conclude that Hakobyan presented "*plausible* grounds for relief," such that he suffered from ineffective assistance of counsel. *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). The BIA erred by denying the motions, in part, by applying the now-overruled *Compean I* standard to its prejudice analysis for ineffective assistance of counsel.[2] Further, the BIA erred in concluding that Hakobyan was on notice that corroboration was required based upon the questioning during the merits hearing and the IJ's oral decision. At that time, Hakobyan was represented by counsel, who (incorrectly) assured Hakobyan that corroboration was not necessary. We cannot expect a lay petitioner to be on notice and present corroboration independently when his counsel assures him otherwise. *See Rodriguez–Lariz v.*

---

[2] The BIA relied on *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009) (vacated by *Matter of Compean*, 25 I. & N. Dec. 1 (A.G. 2009)), which required an alien to show that he would have prevailed at the hearing or on appeal had the negligent representation not occurred.

*I.N.S.*, 282 F.3d 1218, 1225 n.3 (9th Cir. 2002) (noting that one cannot expect counsel to suggest that his own conduct is defective).  We therefore grant the petition with respect to Hakobyan's motion to reopen and motion for reconsideration and remand to the BIA for it to reassess whether Hakobyan presented *plausible* grounds for relief for his asylum, withholding of removal, and CAT claims.

Because case law under the REAL ID Act has changed significantly since the time of the hearing, we remand to the BIA on an open record to determine the merits of Hakobyan's applications under the REAL ID Act's standards.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**